UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA BOONE O'BRIEN,

        Plaintiff,        Civil Action No.: 15-12200
                                    Honorable Thomas L. Ludington
        v.                 Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS MOTIONS FOR SUMMARY JUDGMENT [R. 13, R. 15]**

Plaintiff Debra Boone O'Brien appeals a final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [R. 3]. The Court finds that the administrative law judge's ("ALJ") decision is not supported by substantial evidence, and thus **RECOMMENDS**:

- **GRANTING** O'Brien's motion for summary judgment **[R. 13]**;

- **DENYING** the Commissioner's motion **[R. 15]**; and

- **REMANDING** the Commissioner's decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

I.  **BACKGROUND**

    A.  **O'Brien's Background and Disability Application**

    O'Brien was 52 years old on her amended alleged onset date ("AOD") of June 3, 2007, and her date of last insured status was June 30, 2007. [R. 10-6, Tr. 165; R. 10-2, Tr. 21]. She had past relevant work as an assistant manager and a receptionist. [*Id.*, Tr. 163]. O'Brien claimed to be disabled due to bipolar disorder, depression, anxiety, panic attacks, degenerative disc disease, and osteopenia. [R. 10-3, Tr. 66]. After a hearing, the ALJ determined that O'Brien was not disabled. [R. 10-2, Tr. 19]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-3]. O'Brien timely filed for judicial review. [R. 1].

    B.  **The ALJ's Application of the Disability Framework Analysis**

    A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

3

Applying this framework, the ALJ concluded that O'Brien was not disabled. At the first step, he found that O'Brien had not engaged in substantial gainful activity from her alleged onset date to her last date of insurance coverage. [R. 10-2, Tr. 21]. At the second step, he found that O'Brien had the severe impairments of bipolar disorder with anxiety and substance abuse. [*Id.*]. Next, the ALJ concluded that none of O'Brien's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 21-23].

Between the third and fourth steps, the ALJ found that O'Brien had the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> [N]o hazards, including no work at unprotected heights or around moving machinery and no climbing of any ladders, ropes and scaffolds; no driving; restricted to low level semi-skilled (SVP 3) or lower; no work with the general public; and no fast production pace work where the pace is set by others.

[R. 10-2, Tr. 23]. At step four, the ALJ found that O'Brien could not perform past relevant work. [*Id.*, Tr. 25]. With the assistance of VE testimony, the ALJ determined at step five that based on O'Brien's age, education, work experience and RFC, she could perform the positions of cleaning, sorting, and janitorial, for which significant jobs existed in the economy. [*Id.*, Tr. 26].

4

## II. ANALYSIS

### A.

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

The significant deference accorded the Commissioner's decision is conditioned on the ALJ's adherence to governing standards. "Chief among these is the rule that the ALJ must consider all evidence in the record when making a determination, including all objective medical evidence, medical signs, and laboratory findings." *Gentry*, 741 F.3d at 723. *See also Rogers*, 486 F.3d at 249. In other words, substantial evidence cannot be based upon fragments of the evidence, and "must take into account whatever in

the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotation marks and citation omitted).

The Commissioner must also adhere to its own procedures, but failure to do so constitutes only harmless error unless the claimant has been prejudiced or deprived of substantial rights. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). An ALJ's failure to use an "adjudicatory tool" that does not change the outcome of the decision is harmless. *Id.* at 655-56. On the other hand, substantial errors like ignoring evidence in the record or failing to follow the treating physician rule are not harmless. *Id.*; *Gentry*, 741 F.3d at 723, 729; *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011).

O'Brien argues that, despite the fact that she was 52 years old on her amended AOD, the ALJ classified her as being within the 18 to 49 age group, and that this error is not harmless. She also contends that the ALJ failed to support his credibility assessment with substantial evidence from the record. The Commissioner agrees that O'Brien's age was misclassified, but contends that O'Brien fails to show that the error was harmful, and that the ALJ's findings are supported by substantial evidence. The Court finds that the ALJ failed to engage in necessary analysis and

6

relied upon boilerplate conclusions, precluding meaningful review and requiring remand.

**B.**

The ALJ's decision is unclear as to how the medical evidence he considered impacted his decision and as to why he excluded consideration of other medical evidence. What is clear is that the Commissioner's position in its motion that evidence prior to June 3, 2007 is irrelevant does not comport with the ALJ's analysis or the law.

O'Brien originally alleged an onset date of October 16, 2002, but amended it to June 3, 2007 prior to the hearing. [R. 10-6, Tr. 165]. She states that her records prior to June 3, 2007 are relevant and that she amended her AOD only for strategic reasons, i.e., to place her within the Grids for the age classification of 50 to 54 at the time of the onset. [R. 16, PgID 840-43]. The Commissioner, on the other hand, argues throughout her brief that O'Brien's medical records between 1999 and June 2, 2007 are not relevant because they were prior to the AOD. [R. 15, PgID 821, 825-827].

But in his decision, the ALJ repeatedly identified O'Brien's AOD as being October 16, 2002, and did not mention the amended date. [R. 10-2, Tr. 19, 21, 26]. And contrary to the Commissioner's argument, the ALJ

7

specifically stated that the relevant medical evidence was from 2002 through 2007, and he described other medical records as early as 1999 and as late as 2009. [R. 10-2, Tr. 23-24 (citing R. 10-7, Tr. 206, 267, 284-299; R. 10-8, Tr. 300-06; R. 10-14, Tr. 561-717]. The only records that the ALJ explicitly deemed irrelevant records were from 2012 and 2013. [R. 10-2, Tr. 24 (citing R. 10-8, Tr. 313-16, 322-79, 380-419; R. 10-9, Tr. 420-51; R. 10-10, Tr. 452-80; R. 10-11, Tr. 481-515; R. 10-12, Tr. 516-50; R. 10-13, Tr. 551-60)].

Legal authority supports consideration of medical evidence from prior to the AOD. Although an ALJ is generally required to consider evidence from the alleged onset date through the date of last insured status, he or she must also consider evidence outside of that time period if it is relevant to the disability claim. *Coleman v. Comm'r of Soc. Sec.*, No. 12-CV-10809, 2013 WL 1316953, at *3 (E.D. Mich. Mar. 29, 2013) (collecting cases). There is also authority that, "[o]nce evidence has been presented which supports a finding that a given condition exists it is presumed in the absence of proof to the contrary that the condition has remained unchanged." *Richardson v. Heckler*, 750 F.2d 506, 509–10 (6th Cir. 1984) (citations and internal quotation marks omitted). That is true even in the absence of a prior determination of disability by the Commissioner. *Id.*

8

Since the ALJ did consider evidence prior to June 3, 2007, and since that evidence may be relevant under the law, the Commissioner's argument that the evidence prior to the amended AOD is irrelevant is without merit.

Moreover, with respect to the 2012 and 2013 evidence that the ALJ deemed irrelevant, it is true that evidence may be so far removed that it is indeed "outside the scope of our inquiry," *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993), but evidence of a medical condition that post-dates a claimant's date last insured must still be considered "to the extent it illuminates claimant's health before that date." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). The post-dated evidence here demonstrates that O'Brien's condition in 2012 and 2013 was substantially similar to that from 1999 through 2004. During both periods, she was found to suffer from major depression and/or bipolar disorder, have Global Assessment of Functioning ("GAF") scores generally in the 45-55 range,[2] and have difficulty concentrating and sleeping, among other

---

[2] "The GAF scale is a method of considering psychological, social, and occupational function on a hypothetical continuum of mental health. The GAF scale ranges from 0 to 100, with serious impairment in functioning at a score of 50 or below. Scores between 51 and 60 represent moderate symptoms or a moderate difficulty in social, occupational, or school functioning." *Norris v. Comm'r of Soc. Sec.*, No. 11-5424, 461 F. App'x 433, 436 n.1 (6th Cir. 2012) (citations omitted).

issues. [R. 10-7, Tr. 216-18, 219-20, 225, 267-68, 271-72, 275-78, 289-90; R. 10-8, Tr. 300-01, 313-16, 329-42, 380-82; R. 10-9, Tr. 420, 438; R. 10-10, Tr. 460; R. 10-11, Tr. 492; R. 10-12, Tr. 510, 530, 550].

The ALJ's conclusory statement that the 2012 and 2013 evidence is irrelevant, without examination of whether that evidence sheds light on O'Brien's mental health during the relevant time period, is insufficient to allow for meaningful review. Upon remand for reconsideration of O'Brien's credibility, for the reasons stated below, the ALJ should clarify what evidence he finds relevant and explain the basis for that conclusion.

## C.

The ALJ's analysis of O'Brien's credibility is too conclusory to allow for meaningful review. An ALJ's discussion of his or her credibility determination must permit the court to reasonably infer a sufficient explanation. *Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 261 (6th Cir. 2015). In *Cox*, the court found persuasive the Ninth Circuit's rejections of an "implicit explanation" approach because it would "constitute impermissible speculation as to the grounds for the ALJ's conclusions." *Id.*, (citing *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102–03 (9th Cir. 2014). Nonetheless, *Cox* found that adopting the Ninth Circuit's holding was not necessary because, even if an implicit explanation approach were

allowed, the evidence did not permit it to reasonably infer a sufficient explanation for the ALJ's credibility finding. *Cox*, 615 F. App'x at 261. No reasonable inference was permitted because the ALJ had failed in her "duty to 'scrutinize' the consistency between Appellant's statements and the medical evidence," so the court was unable to discern the ALJ's credibility reasoning and remand was necessary. *Id.*, (citing *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 247 (6th Cir. 2007).

     The ALJ's analysis in this case suffers from the same deficiencies as in *Cox*; he simply summarized the record and then rendered boilerplate conclusions regarding O'Brien's credibility and the opinions of medical sources. He described O'Brien's testimony of having had a major breakdown in 2002 and resigning from her job; of being unable to return to the workforce afterwards because she was heavily medicated; of having admitted to drinking to excess from 2002 to 2007; of having undergone electroshock treatment, having daily anxiety attacks and panic attacks every two months; of having attempted suicide three times, most recently in September 2004; of having treated with a doctor in North Carolina who conducted some appointments by webcam; and of having had to care for her dying father from 2007 to 2009, and having frequent anxiety attacks during that time period. [R. 10-2, Tr. 23-24]. The ALJ then described

O'Brien's testimony that she was currently sleeping a lot, going to therapy, taking prescribed medications (Strattera, Cymbalta, Klonopin, Trazadone and a cholesterol medication), occasionally taking a pain reliever for back pain, and having an MRI in 2009 that showed degenerative disease of the lumbar spine and osteopenia. [*Id.*, Tr. 24].

After that summary, the ALJ concluded that O'Brien's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely credible for the reasons explained in this decision." [*Id.*, Tr. 24]. He then briefly summarized the record, which documents her treatment at St. Joseph Mercy from 1999 to 2000 after an attempted suicide, and again in 2004 after another suicide attempt. [R. 10-2, Tr. 24; R. 10-7, Tr. 206-08, 216-26, 245-47, 267-78, 284-90, 300-01; R. 10-14, Tr. 615-26]. The ALJ noted that O'Brien was treated for depression in 1999 and treated with electrostimulation and psychotherapy in 2000, and that there is no evidence of treatment from 2005 to her date last insured of June 30, 2007. [R. 10-2, Tr. 24]. He found that the medical records and medical source statements from 2012 and 2013 "indicate ongoing mental health treatment, [but] they do not provide illumination on the period in question." [*Id.*].

> The ALJ closed with a set of boilerplate conclusions.
>
> The medical records and the testimony describing claimant's limitations demonstrate that such limitations will not interfere with the ability of the claimant to function independently, appropriately, effectively, and on a sustained basis. The undersigned has considered the claimant's allegations and has found them inconsistent with the objective medical findings in the record and therefore not entitled to controlling weight. Consideration has also been given to the reports of the State agency medical consultant as well as to other treating, examining, and non-examining medical sources.

[*Id.*]. The ALJ thus pointed to no discrepancy between O'Brien's testimony and the medical record. The Commissioner posits that the lack of evidence of treatment between September 2004 and June 2007[3] was the basis for the ALJ's credibility determination. [R. 15, PgID 823-24]. The Court in *Cox* found persuasive the Ninth Circuit's rejection of such an implicit explanation approach. *Cox,* 615 F. App'x at 261. Moreover, the Court cannot infer that the ALJ relied upon the gap in the records when he instead described O'Brien's claims as being "inconsistent with the objective medical findings," the identity of which are a mystery. [R. 10-2, Tr. 24]. Since the ALJ failed to scrutinize the consistency between O'Brien's testimony and the objective

---

[3] O'Brien attributes the gap in medical records to poor recollection. [R. 13, PgID 795]. She states that she was treated by a psychiatrist at a community clinic in North Carolina from 2007 to 2010. [R. 10-2, Tr. 56; R. 13, PgID 795].

13

medical findings that he referred to, remand is warranted. *Cox,* 615 F. App'x at 261.

## D.

In his decision, the ALJ stated that O'Brien "was 52 years old, which is defined as a younger individual age 18-49, on the date of last insured." [R. 10-2, Tr. 25]. O'Brien argues that this mistake was reversible error, while the Commissioner counters that it was a harmless clerical error. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Willis v. Comm'r of Soc. Sec.*, No. 12-10011, 2013 WL 718506, at *5 (E.D. Mich. Feb. 27, 2013) (quoting *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009)). O'Brien has not established that the ALJ's mistake in finding her to be in the age category of 18 to 49 is harmful. The Grids deem a claimant who is 50 years of age or older disabled under some circumstances if she is capable of performing only sedentary work, or capable of only light work and illiterate. 20 C.F.R. § Pt. 404, Subpt. P, App. 2. The ALJ found that O'Brien had no exertional limitations caused by a medical impairment, and she acknowledges that she is not illiterate. [R. 10-2, Tr. 23; R. 16, PgID 835]. Thus, the correct age group would not have directed a different outcome under the medical-

vocational guidelines. Nevertheless, on remand, O'Brien's correct age and age group should be considered.

## III.   CONCLUSION

Because the ALJ failed to adequately explain his determination, preventing meaningful review, the Court **RECOMMENDS** that O'Brien's motion for summary judgment [R. 13] be **GRANTED**, the Commissioner's motion for summary judgment [R. 15] be **DENIED**, and the Commissioner's decision be **REMANDED** for further proceedings consistent with this report and recommendation.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: October 28, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 28, 2016.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager